**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN GALLIGAN, | Civil Action No. 12-4327 |
| Plaintiff, | |
| v. | OPINION |
| PEPSI BEVERAGES COMPANY AND PEPSICO ADMINISTRATION COMMITTEE, AS PLAN ADMINISTRATOR OF THE PBG HOURLY PENSION PLAN | |
| Defendants. | |

This matter comes before the Court on the Motion for Summary Judgment [Docket Entry No. 20] filed by Defendant, PepsiCo Administration Committee ("Defendant" or "PAC"),[1] as Plan Administrator of the PBG Hourly Pension Plan ("PBG Plan"). Plaintiff, Alan Galligan, commenced this action asserting two claims: 1) a claim for unlawful denial of pension benefits, and 2) a claim for breach of contract.[2] See Comp. at ¶¶ 10-12. The Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral

---

[1] The Court dismissed Pepsi Beverages Company as a defendant on November 26, 2012 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. See Docket Entry No. 21. Therefore, PepsiCo Administration Committee is the only remaining defendant in this action.

[2] On August 7, 2012, Plaintiff signed a Joint Stipulation and Consent Order before the Honorable Clair C. Cecci, wherein Plaintiff agreed to voluntarily dismiss his breach of contract claim in the present action. See Docket Entry No. 5 at 4. Therefore, the Court need only address Plaintiff's denial of pension benefits claim. However, even if the Court were to address Plaintiff's breach of contract claims, for the reasons discussed below, Defendant complied with its obligations under the PBG Plan and would be entitled to summary judgment in its favor on this claim.

argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## I. BACKGROUND

The facts in this case are not in dispute. Pl. Br. at 1. Plaintiff began working for a predecessor of The Pepsi Bottling Group, Inc. ("PBG") on May 3, 1979, where he worked as an hourly union employee at the Piscataway, New Jersey facility. Def. SOF at ¶¶ 1, 8. During his employment, Plaintiff participated in the PBG Hourly Pension Plan ("PBG Plan"). Def. SOF at ¶ 5. The PBG Plan merged into the PepsiCo Hourly Employees Retirement Plan ("PEP Plan") in June 2010. Def. SOF at ¶ 6. However, "[u]nder the terms of the PEP Plan, the terms and conditions of the plan document for the PBG Plan apply and control [Plaintiff]'s claim." Def. SOF at ¶ 7.

Plaintiff became disabled and stopped working on August 7, 2002.[3] Def. SOF at ¶ 2. Plaintiff was "absent from work at all times after August 7, 2002" and began receiving long-term disability benefits on or about January 31, 2003. Def. SOF at ¶¶ 3-4. Plaintiff terminated his employment with PBG on June 29, 2011. Comp. at ¶ 7. On July 1, 2011, Plaintiff filed for retirement benefits and sought full pension benefits pursuant to the PBG Plan's 30 and Out Provision. *See* Comp. at ¶¶ 8-9. The 30 and Out Provision "allows qualifying participants to receive an unreduced pension benefit prior to his/her Normal Retirement Age if the participant began working at Piscataway before May 1, 1996 and has 30 years of 'Service' as that term is

---

[3] Defendant claims his last day at work was August 7, 2002. Pl. Br. at 1. According to PepsiCo's records, his "last day at work was [actually] August 4, 2002." Def. Br. at 1. The Court agrees with Defendant that this dispute is immaterial for purposes of this case, but will still resolve the discrepancy in favor of the non-moving party. *See* Def. Br. at 1.

2

defined in the PBG Plan." Def. Br. at 3. In October 2010, Defendant determined that Plaintiff did not satisfy the 30 year "Service" requirement under this plan.[4] *See* Def. SOF at 11.

On July 12, 2012, Plaintiff brought the present action alleging that "Defendant's actions in denying Plaintiff full retirement benefits constitutes an unlawful denial of benefits under 29 U.S.C. § 1132(a)(1)(B) of ERISA." Comp. at ¶ 10. On November 21, 2012, Defendant filed the present Motion for Summary Judgment alleging that Plaintiff's "Service" began in 1979 and ended in 2003, so "he did not and could not have 30 years of Service under the PBG Plan." Def. Br. at 11.

## II.  LEGAL STANDARDS

### A.  Summary Judgment Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Bender v. Twp. of Monroe*, 289 Fed. Appx. 526, 526-27 (3d Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). On a summary judgment motion, the moving party must first show that there is no genuine issue of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact; the non-moving party may not simply rely on

---

[4] According to Plaintiff, Plaintiff "initially intended to file for pension benefits in 2009 when he reached 30 years of service. At that time, he was advised that his pension would be reduced as a result of a miscalculation of service credits based upon when Mr. Galligan ceased working without affording him any credit for the period of time he remained on long term disability benefits. Mr. Galligan appealed that decision and the PAC made its final determination in October, 2010. [Subsequently,] Mr. Galligan applied for pension benefits on July 1, 2011." Pl. Br. at 1.

3

unsupported assertions, bare allegations, or speculation. *See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### B. Standard of Review Under ERISA

An ERISA benefits denial is reviewed using a de novo standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the administrator is vested with discretionary authority, "a deferential standard of review [is] appropriate;" and a reviewing court is limited to determining whether the administrator abused its discretion. *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 2348 (2008) (quoting *Firestone*, 489 U.S. at 115). However, where there is evidence of conflict or bias by the administrator, such evidence may play an important role in determining whether the administrator abused its discretion. *Id.* at 2351. In the Third Circuit, "[u]nder the arbitrary and capricious (or abuse of discretion) standard of review, the district court may overturn a decision of the Plan administer only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993 (internal quotations omitted). If the plan language is plain, then "actions taken by the plan administrator inconsistent with [those] terms . . . are arbitrary." *Bill Gray Enters. v. Gourley*, 248 F.3d 206, 218 (3d Cir. 2001).

### III. DISCUSSION

The PBG Plan states that a participant is entitled to a "Normal Retirement Pension" at the earlier of: "(1) his Normal Retirement Date or (2) the date he attains 30 years of Service." PBG

Plan, 2009 Restatement, § F (hereinafter "30 and out Provision"). Neither party contended that Plaintiff reached his Normal Retirement Date. Instead, Plaintiff claimed that he attained 30 Years of Service prior to his retirement and requested full benefits. Comp. at ¶¶ 8-9. Defendant denied Plaintiff's request. Comp. at ¶ 9. Defendant is granted discretionary authority to determine benefits,[5] so the Court reviews Defendant's decision under an abuse of discretion standard. *See Metro. Life Ins. Co.*, 128 S. Ct. at 2348 (quoting *Firestone*, 489 U.S. at 115). Therefore, the only question before the Court is whether Defendant abused its discretion in interpreting the term "Service" in such a manner as to preclude Plaintiff from recovering full benefits. *See id.*

Defendant argues that the "unambiguous terms of the controlling plan document make clear that Galligan did not qualify for a '30 and Out' benefit because he did not have 30 years of 'Service' as that term is defined in the plan document." Def. Br. at 5. Plaintiff challenges Defendant's classification of the plan as "unambiguous" and points to a single overpayment made by Fidelity after July 2011.[6] *See* Pl. Br. at 1, 7. Plaintiff received this benefits payment after Defendant's final benefits determination, so the Court cannot consider evidence of this payment in the present action. *See Johnson v. UMWA Health and Retirement Funds*, 125 Fed. Appx. 400, 405 (3d Cir. 2005) (stating that "the record for arbitrary and capricious review of ERISA benefits denial is the record made before the plan administrator which cannot be supplemented during litigation."). Moreover, even if the Court considered Plaintiff's argument, it would still find in Defendant's favor as the language of the PBG Plan is clear.

---

[5] The PBG Plan provides Defendant the "discretionary authority to construe and interpret the Plan, decide all questions of eligibility and determine the amount, manner and time of payment of any benefits hereunder[.]" PGB Plan § 8.4(a) (Sossa Affidavit Ex. A).
[6] Fidelity allegedly calculated Plaintiff's benefits "based on Mr. Galligan having at least 30 years of service credits." *See* Pl. Br. at 1. Defendant immediately corrected Fidelity's error and allowed Plaintiff to keep the "overpayment of approximately $1,700." Def. Reply Br. at 10.

5

Service is defined as the "period calculated in accordance with Section 3.2." PBG Plan § 2.2(pp) (Sossa Affidavit Ex. A). Under Section 3.2, a plan participant's "Period of Service" commences on:

> the later of the Participant's Date of Hire or, if the Participant does not earn 1,000 hours in the twelve-month period following his Date of Hire, the first day of the first Plan Year in which the Participant is credited with 1,000 Hours of Employment, and shall extend to the Participant's severance from Service Date[.]

PBG Plan § 3.2(a). Neither party disputes that Plaintiff's Period of Service commenced on Plaintiff's Date of Hire, May 3, 1979. *See* Def. Br. at 8; *see also* Pl. Br. at 5. Therefore, under the terms of the PBG Plan, Plaintiff's Period of Service extended from May 3, 1979 to Plaintiff's Severance from Service Date. *See* PBG Plan § 3.2(a).

The term "Severance from Service Date" is defined in the Plan as the earlier of the following:

(1) The date on which the Employee quits, retires, is discharged or dies; or

(2) The date which is twelve months after the date on which the Employee is absent from Service for any other reason (e.g., sickness, layoff, vacation).

PBG Plan § 2.2(qq). Plaintiff acknowledged that he stopped working on August 7, 2002 as the result of a disability. Pl. Br. at 1. Pursuant to the clear language of Section 2.1(qq)(2), Plaintiff's Severance from Service date is therefore August 7, 2003, twelve months after he was "absent from Service" by virtue of his disability. *See* PBG Plan § 2.2(qq). Plaintiff's Period of Service would therefore extend from May 3, 1979 through August 7, 2003, which falls short of the 30 years required by the 30 and Out Provision. *See* 30 and Out Provision.

6

Plaintiff urges the Court to read in a requirement that Defendant also consider the "Credited Service" Plaintiff received in calculating Plaintiff's Years of Service.[7] *See* Pl. Br. at 5. Plaintiff's argument is premised on Plaintiff's misunderstanding of the following portion of Section 3.2:

> Notwithstanding the preceding, *solely* for the purpose of determining whether a participant is a Grandfathered Participant pursuant to Section 2.1(o)(2), Service shall include Credited Service accrued by a Totally and Permanently Disabled Participant as of March 31, 2009 pursuant to Section 3.3(b) to the extent such Credited Service is not otherwise included in Service under this Section 3.2.

*See* PBG Plan § 3.2(b)(2) (emphasis added); *see also* Pl. Br. at 5. Plaintiff argues that this "section requires that [Plaintiff] be given credit for the period of time he was receiving long term disability benefits." Pl. Br. at 5. This interpretation overlooks the operative word "solely." *See* PBG Plan § 3.2(b)(2). The express language of Section 3.2 dictates that "Credited Service" is only considered for purposes of Section 2.1(o)(2). *See* PBG Plan § 3.2(b)(2). Accordingly, Plaintiff's argument is without merit.

Plaintiff accrued Years of Service from May 3, 1979 until twelve months after he stopped working because of his disability. *See* PBG Plan § 2.2(qq). Defendant's benefits determination was consistent with this finding. *See* Sossa Affidavit Ex. D, p. 160-163; *Abnathya*, 2 F.3d at 45. Plaintiff did not "attain[] 30 years of service," and was not entitled to his "Normal Retirement Pension." *See* 30 and Out Provision. Accordingly, Defendant is entitled to summary judgment.

---

[7] Plaintiff also implies throughout his submissions that the term "credit service" is synonymous with the term "service." However, the PBG Plan defines each term separately and gives each a distinct meaning. "Credited service" is defined as the "period calculated in accordance with Section 3.3 hereof, which is counted for purposes of determining the *amount of benefits payable* to, or on behalf of, a Participant." PBG Plan § 2.2(m) (emphasis added). And, "service" is defined as "period calculated in accordance with Section 3.2 hereof for purposes of determining a Participant's *entitlement to benefits* under the Plan." PBG Plan § 2.2(pp) (emphasis added).

7

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted in its entirety. An appropriate Order accompanies this Opinion.

DATED: January 7, 2013

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

8